■ In the Matter of MILCIADES PEPIN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [49 NYS3d 399]—

Order and judgment (one paper), Supreme Court, New York County (Lucy Billings, J.), entered December 17, 2015, to the extent appealed from, denying so much of the petition as sought to annul the "problem code" assigned to petitioner's employment file, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

In April 2011, petitioner commenced an article 78 proceeding to challenge the discontinuance of his probation as an assistant principal, the unsatisfactory rating (U-rating) he received, and the placement of a "problem code" in his employment file after findings of misconduct were made against him. The court granted the petition to the extent of annulling the U-rating and prohibiting the assignment of a problem code insofar as it was supported by the annulled U-rating or unsubstantiated conduct, and otherwise denied the petition and dismissed the proceeding. Petitioner did not appeal.

Petitioner commenced the instant proceeding in 2014, again challenging the problem code that was placed in his file in 2011 and respondent's alleged constructive termination of his license as a result of the problem code and its impact on his applications for a Certificate of Eligibility for employment in a supervisory capacity.

To the extent petitioner is again challenging the assigned problem code, since he neither alleged nor demonstrated that the problem code was based on impermissible grounds, the claim is barred by the statute of limitations and res judicata (*see e.g. Beth Rifka, Inc. v State of New York*, 114 AD2d 560, 562 [3d Dept 1985]). In any event, petitioner's allegation that his inability to obtain a certificate of eligibility has constructively terminated his license fails to state a claim. As the court observed, respondent is not prohibited from considering the past discontinuance of petitioner's probation in assessing his eligibility for employment. Assuming that the sole basis for respondent's not issuing petitioner a certificate of eligibility is the problem code, and not a failure to satisfy any other applicable requirements, petitioner has not been deprived of the right to seek employment without due process. Even if his job prospects are more limited, petitioner is not prohibited from seeking a position that does not require a certificate of eligibility, i.e., a non-supervisory position; nor is he prohibited from applying to employers outside respondent's authority. Concur—

Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ.