Matter of Kahn v City of New York (2020 NY Slip Op 05139)





Matter of Kahn v City of New York


2020 NY Slip Op 05139


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 159834/2018 Appeal No. 11869 Case No. 2019-4350 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]In re MD Nayeem Kahn, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Glass & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered May 8, 2019, which denied the petition and dismissed the proceeding brought pursuant to article 78 challenging respondent New York City Department of Education's placement of a "problem code" in petitioner's employment file in 2015, and its refusal of his request to begin an employment investigation to remove the code, unanimously affirmed, without costs.
Respondent is not prohibited from considering the past discontinuance of petitioner's probation in assessing his eligibility for employment, and assignment of the problem code based upon the discontinuance of his probationary employment is neither arbitrary nor capricious (see Matter of Pepin v New York City Dept. of Educ., 148 AD3d 443 [1 st Dept 2017], lv denied 29 NY3d 912 [2017]). Petitioner lacks entitlement to an employment investigation to remove the code without a nomination for employment (see Chancellor's Regulation C-205[25][c]; Pepin, 148 AD3d at 443; see also e.g. Matter of New York City Yacht Club v New York City Dept. of Bldgs., 172 AD3d 606 [1st Dept 2019], lv denied 33 NY3d 914 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020